

# The Attorney General of Texas

March 24, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Coordinating Board
Texas College & University System
Austin, Texas 78711

Opinion No. MW-153

Re: Whether a junior college may pay for employee enrollment in a health maintenance organization in lieu of the college's health insurance program.

Dear Mr. Ashworth:

You have requested our opinion as to whether a junior college may pay for employee enrollment in a health maintenance organization in lieu of the college's health insurance program.

Article 3.50-3 of the Texas Insurance Code establishes the Texas State College and University Employees Uniform Insurance Benefits Program, the purpose of which is, <u>inter alia,</u>

(a)  to provide uniformity in the basic life, accident, and health insurance coverages for all employees of Texas state colleges and universities; [and]

(b)  to enable Texas state colleges and universities to attract and retain competent and able employees by providing them with basic life, accident, and health insurance coverages at least equal to those commonly provided in private industry and those provided employees of other agencies of the State of Texas under the Texas Employees Uniform Group Insurance Benefits Act; [article 3.50-2].

Article 3.50-3, section 2, Texas Insurance Code. The statute establishes an administrative council, among whose duties it is to

(A)  determine basic coverage standards which shall be at least equal to those commonly provided in private industry and those provided employees

of other agencies of the State of Texas under the Texas Employees Uniform Group Insurance Benefits Act, . . .

and

(D)     determine if existing institutional programs meet, equate to, or exceed standards for such basic coverages.  If so, such programs may be continued in accordance with existing contractual arrangements between those institutions and their carrier or carriers, provided, however, that each program so continued shall be submitted by the institution for competitive bidding within standards established by the administrative council at least once during each four-year period following the effective date of coverage under this Act. . . .

Section 4(a)(4).  The particular institution is then required to select some type of coverage from among carriers submitting bids.  Section 4(a)(4)(D).  The administrative council is charged with continuing responsibility for review of an institution's programs, section 4(a)(4)(E), and it is directed to

(G)     adopt rules and regulations consistent with the provisions of this Act and its purpose as it deems necessary to carry out the statutory responsibilities.

and to

(I)     publish such additional goals, guidelines, and surveys as are necessary to assist covered institutions in providing their employees with effective benefits programs.

Sections 4(a)(4)(G), 4(a)(4)(I).

The trustee of the Texas Employees Uniform Group Insurance Act, article 3.50-2, is authorized to

. . . select and contract for services performed by health maintenance organizations which are approved by the federal government or the State of Texas to offer health care services to eligible employees and annuitants in a specific area of the state. Eligible employees and annuitants may participate in a selected health maintenance organization in lieu of participation in the health insurance benefits in the Employees Uniform Group Insurance Program, and the employer contributions provided by subsection (a), Section 15 of this Act for health care coverage shall be paid to the selected health maintenance organizations on behalf of the participants.

Section 5(e). Since, as we have indicated, the administrative council of the Texas State College and University Employees Uniform Insurance Benefits Program is required to "determine basic coverage standards which shall be at least equal to those . . . provided . . . under the Texas Employees Uniform Group Insurance Benefits Act," and since one such kind of coverage may consist of "services performed by health maintenance organizations . . . approved by the federal government," we believe that the administrative council may approve an insurance program in which a junior college offers its employees membership in a federally approved health maintenance organization in lieu of enrollment in the college's regular health insurance program. If the administrative council determines that such a program fulfills the statutory standards of article 3.50-3 of the Insurance Code, it is our opinion that the junior college may pay for its employees' enrollment in the program.

## SUMMARY

If the administrative council of the Texas State College and University Employees Uniform Insurance Benefits Program approves an insurance program in which a junior college offers its employees membership in a federally approved health maintenance organization in lieu of enrollment in the college's regular health insurance program, the junior college may pay for its employees' enrollment in the program.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison

Rick Gilpin
Nancy Ricketts
Bruce Youngblood
Lonny Zwiener